**UNITED STATES FEDERAL COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **HENRY GARCIA, on behalf of himself and all others similarly situated,** | § § § | |
| **PLAINTIFF,** | § § | |
| **v.** | § § | **Case No.  7:20-cv-16** |
| **KNIGHTEN MACHINE & SERVICE, INC.,** | § § § | |
| **DEFENDANT.** | § § | |

---

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Henry Garcia, on behalf of himself and all others similarly situated ("Class Members"), brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, he respectfully shows as follows:

## I.      PRELIMINARY STATEMENT

1.1     This is a collective action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA").  Defendant Knighten Machine & Service, Inc. ("Defendant") is a full service industrial pump distributor offering parts, sales and service of industrial pumps in and around Texas, New Mexico and Oklahoma.  Plaintiff Henry Garcia was employed by Defendant as a shop hand.

1.2     Henry Garcia was paid on an hourly basis.

1.3     Henry Garcia was misclassified as an independent contractor.

1.4     Henry Garcia, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to hourly employees for hours worked in excess of forty hours per work week.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.   Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.   This Court also has personal jurisdiction over all parties to this action.

2.2     Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Ector County, Texas, which is in this District and Division.   Plaintiff was an employee of Defendant, and performed work for Defendant in and around Ector County, Texas.   Defendant is subject to this Court's personal jurisdiction with respect to this civil action.   Defendant thus resides in this district and division.   28 U.S.C. §1391(c).   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Henry Garcia is an individual residing in Ector County, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.      Defendant**

3.2      Defendant Knighten Machine & Service, Inc. can be served by serving its registered agent

for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3.3      Defendant was and is an employer of Plaintiff as defined by 29 U.S.C. §203(d).

3.4      At all times hereinafter mentioned, Defendant has exercised managerial responsibilities

and substantial control over its workers, including Plaintiff, and the terms and conditions of

Plaintiff's employment. Defendant has the authority to: hire, fire and direct its workers, including

Plaintiff; supervise and control the employment relationships and work schedules of its workers,

including Plaintiff; set and determine the rate and method of pay of its workers, including Plaintiff;

and decide whether Plaintiff and others similarly situated received overtime compensation.

## IV.      FLSA COVERAGE

4.1      At all relevant times, Defendant has acted, directly or indirectly, in the interest of an

employer with respect to Plaintiff and the Class Members.

4.2      At all times hereinafter mentioned, Defendant has been an "employer" within the meaning

of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3      At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within

the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4      At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce

or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA,

29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5    At all times hereinafter mentioned, Plaintiff and the Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

4.6    As a shop hand, Plaintiff handled items including cleaning materials, hydro-testing materials, concrete and concrete mixers that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.    FACTUAL ALLEGATIONS

5.1    Defendant is a full service industrial pump distributor offering parts, sales and service of industrial pumps in and around Texas, New Mexico and Oklahoma.

5.2    Defendant employed Henry Garcia and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3    Defendant paid Henry Garcia and those similarly situated on an hourly basis.

5.4    Henry Garcia and all those similarly situated consistently worked over forty hours per week.

5.5    Henry Garcia and all those similarly situated were non-exempt employees.

5.6    However, Defendant failed to pay Henry Garcia and all those similarly situated overtime premiums for any hours worked over forty per work week.

5.7    Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.8     Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendant.

5.9     Plaintiff and those similarly situated were required to comply with the policies and procedures of Defendant in performing their work during their employment with Defendant.

5.10    Defendant independently exercised control over the work performed by Plaintiff and those similarly situated.

5.11    Defendant determined the wages to be paid to Plaintiff and those similarly situated.

5.12    Defendant determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.13    Defendant determined the locations where Plaintiff and those similarly situated would work.

5.14    Defendant determined the hours of Plaintiff and those similarly situated.

5.15    Defendant determined the conditions of employment for Plaintiff and those similarly situated.

5.16    Defendant maintained employment records on Plaintiff and those similarly situated.

5.17    Defendant possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.18    At all times relevant hereto, Defendant knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.19    Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.20    Defendant's actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policies of Defendant that are in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers, both shop hands and welders.

6.2    Plaintiff brings his claim for relief on behalf of all persons who worked for Defendant as an hourly shop hand or an hourly welder who were also classified as independent contractors at any time three years prior to the filing of this lawsuit to the entry of judgment in this lawsuit.

6.3    Defendant paid Plaintiff and the Class Members on an hourly basis and suffered and permitted them to work more than forty hours per week.  Defendant did not pay Plaintiff or the Class Members overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary, the Members of the Class were all hourly shop hands or welders within the State of Texas.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6    Defendant's operations with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

6.7    Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Class Members.

6.8    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

6.10    Plaintiff requests that Defendant identify all prospective Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those Members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendant failed to pay them overtime premiums for any hours worked in excess of forty per week.

7.6     Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     Defendant has failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Class Members seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Henry Garcia and all others similarly situated respectfully pray that Defendant Knighten Machine & Service, Inc. be cited to appear, and that, upon trial of this matter, Plaintiff and the Class Members recover the following against Defendant Knighten Machine & Service, Inc.:

a.      Actual damages for the full amount of their unpaid overtime compensation;

b.      Liquidated damages in an amount equal to their unpaid overtime compensation;

c.      Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.      Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**